JOHN G. WARNER (SBN 046123)
Law Office of John G. Warner
21 Tamal Vista Blvd., Suite 196
Corte Madera, CA 94925
Telephone: (415) 924-2640
Facsimile: (415) 927-0608
Email: warnerwest@aol.com

Attorney at Law
Making Special Appearance for Debtors,
John A. Ryan and Danielle T. Ryan

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re,<br><br>JOHN A. RYAN and<br>DANIELLE T. RYAN<br><br>          Debtors. | Case No. 05-32933-DM-11<br>Chapter 11<br><br>**EX PARTE APPLICATION FOR CONTINUANCE OF HEARING ON MOTION AND STATUS CONFERENCE**<br><br>Hearing:<br>Date: April 24, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom of Dennis Montali<br>       U.S. Bankruptcy Court<br>       235 Pine Street, Courtroom 22<br>       San Francisco, CA |

**To All Creditors, the Chapter 11 Trustee, and All Other Parties in Interest:**

I, John A. Ryan, declare under penalty of perjury that the following statements are true and are made to obtain a 90 day continuance of the Chapter 11 trustee's pending motion to convert this case to Chapter 7 and the court's status conference, both of which

---

**Ex Parte Application for Continuance  - 1 -**

are now set for hearing on April 24, 2009 at 10:00 a.m.  This continuance request is based upon the following facts:

1.  My wife Danielle T. Ryan and I are the debtors in this Chapter 11 case.

2.  My wife and I commenced this Chapter 11 case in September 2005 because the Ciolino plaintiffs were able to obtain a judgment based on fraudulent and misleading statement of facts to the San Mateo County Superior Court.  The judgment occurred when a man named Nicklos Ciolino, who is former friend of mine, and four other individuals ("the plaintiffs"), all of whom, along with my wife and me, were investors in a failed investment enterprise based in Ohio called Paramount Financial Partners ("Paramount"), were able to conceal the truth regarding their investments with Paramount and were able to convince a San Mateo County Superior Court jury in December of 2003 to rule against me by using what has now been proven by both the States of Ohio and Florida to be false evidence.   Based on the plaintiffs' fraud of the court, I was held personally liable for their investment.  At the time of the state court trial, a man named Von Cummings was the general partner and president of Paramount and was under criminal investigation and he refused to waive his Fifth Amendment rights when he was deposed.   In 2006, two  years after the trial, Cummings was indicted and was sentenced in August of 2007.   In fact, the Ohio grand jury verified based on the evidence presented that it was Cummings who defrauded the Ciolino plaintiffs, not me. Cummings has indicated that he **is now ready, able and willing to tell the court the truth about the activities at Paramount, including the fact that Nick Ciolino was employed by Paramount and how Ciolino was paid to direct Charles Ciolino, Robert Aguilar and Dan Delorenzi and other investors in Paramount.**

3.  Based upon this false evidence, Ciolino and the other investors in Paramount were able to obtain a million dollar judgment against me and an attachment lien against my family's home in Redwood City, and the Ninth Circuit Court of Appeals, in a recent

Case: 05-32933    Doc# 118    Filed: 04/06/09    Entered: 04/06/09 16:15:22    Page 2 of 4

decision, determined that Ciolino's attachment lien is in second position after the undisputed first mortgage lien.    Until the Ninth Circuit ruling, there was no reason for me to address this judgment lien issue.   In fact, the trustee's attorney [who joined secured creditor Lawrence Chazen's appeal of this lien issue] also believed that the Ciolino's judgment liens should have been junior to Chazen's lien and the other deeds of trust on this property.

4.    My attorney in this Chapter 11 case has been Michael Turner who has offices in San Francisco.    He has been assisted by an attorney named James F. Beiden who has offices in Burlingame, but Mr. Beiden tells me that "[he] doesn't do courtroom stuff," so my wife and I have only relied upon Mr. Turner to give us the advice we need to move this Chapter 11 case along.

5.    For the last several months I have become suspicious that Mr. Turner is having serious health problems, possibility the onset of Alzheimer's disorder, although I am not sure of this.  All I know is that something is seriously wrong with his health.  I have repeatedly tried to contact Mr. Turner but he has not returned my calls or answered my emails.   I recently sent an email to Mr. Turner's daughter to ask her to let me know what her father's health situation is, but so far she also has not answered my email.

6.    For this reason, my wife and I have concluded we need to retain another attorney to represent us in this Chapter 11 case, and to that end I have contacted attorney John G. Warner who has offices in Corte Madera.   We have also recently retained attorney David J. Brown of the San Francisco firm of MBV Law.    Mr. Brown was formerly a senior partner in the Brobeck, Phelger & Harrison law firm, and he will be determining the most effective way to attack the Ciolino judgments.

7.    I am told that the trustee has filed a motion to convert this case to Chapter 7 and that the court has scheduled a status conference, and that both of these matters are set

Case: 05-32933    Doc# 118    Filed: 04/06/09    Entered: 04/06/09 16:15:22    Page 3 of 4

for hearing on April 24 at 10:00 a.m.    My wife and I are requesting that the court continue both of these matters for at least 90 days so that we can retain new Chapter 11 counsel and have more time to formulate a Chapter 11 Plan.

8.   To date, we have not presented a Chapter 11 Plan to the court because we needed to find out how the Ninth Circuit would decide the lien dispute.   Now that the Ninth Circuit has ruled, we have a better idea of what our options are, and based upon that information my wife and I want an opportunity to review with new counsel the most effective way to attack the Ciolino judgments and to determine how best to present a Chapter 11 Plan.

9.   This continuance request will cause no prejudice.    The mortgage payments on our home are current, and so are the real estate taxes and the home owners insurance, and we have timely filed the Monthly Operating Reports required by the U. S. Trustee's office.

10.   It is my understanding that the Chapter 11 trustee and her attorney are not opposed to this continuance request, and neither is Lawrence Chazen who is  the secured creditor immediately junior to the Ciolino group.

I declare under penalty of perjury under the laws of the State of California that the foregoing statements are true and that this declaration was executed at Redwood City, California on April 6, 2009.


/s/ John A. Ryan
John A. Ryan