John G. Warner
(Cal. State Bar No. 046123)
Law Office of John G. Warner (rt)
21 Tamal Vista Blvd., Suite 196
Corte Madera, CA 94925
Telephone: (415) 924-2640
Facsimile: (415) 927-0608
e-mail: warnerwest@aol.com

Attorney for Debtors,
John A. Ryan and Danielle T. Ryan

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re,<br><br>   John A. Ryan and<br>   Danielle T. Ryan,<br><br>   Debtors. | Converted Chapter 7<br>Case No. 05-32933-DM<br><br>**DEBTORS' CONDITIONAL OPPOSITION TO MOTION FOR DETERMINATION THAT STATE ACTION IS NOT SUBJECT TO AUTOMATIC STAY**<br><br>Date: November 24, 2009<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>      Court Room 22<br>      Judge Dennis Montali<br>      235 Pine Street<br>      San Francisco, CA |

[Text Begins on Next Page]

---

Debtors' Conditional Opposition to Motion for Determination that
State Action is Not Subject to Automatic Stay  - 1 -

**SUMMARY OF FACTS AND PROCEDURE**

This is a converted Chapter 7 case. E. Lynn Schoenmann has been appointed trustee.

As part of the administration of this bankruptcy estate, the trustee obtained from the court an order allowing the trustee to sell the debtors' residential property located in Redwood City. Efforts to sell that property are now pending, a real estate broker named Mark Benson has been employed for this purpose, and the property is being shown to prospective buyers. The debtors continue to reside in the property.

On September 15, 2009 two individuals named Adrian Smith and Kathleen Smith ('the Smiths" or "Smith" depending on the context), who resides next door to the debtors, filed a lawsuit in the San Mateo County Superior Court seeking damages for negligence, private nuisance, inverse condemnation, and trespass, and also seeking a preliminary and permanent injunction. A copy of that lawsuit, with attachments, is attached to this opposition memorandum as Exhibit A.

The defendants named in the Smith lawsuit include the County of San Mateo, the Emerald Lake Heights Sewer Maintenance District, and debtor John Ryan.[1]

On or about October 30, the Smiths filed a motion in this court seeking a determination that their state court action is not subject to the automatic stay, or in the alternative they seek relief from the automatic stay.

The debtors object to any attempt by the Smiths to sue them, in state court because all of the claims that have been raised by the Smiths in their state court action are pre-petition claims subject to this court's jurisdiction. Therefore, to the extent that the Smiths seek in their state court action any damages or similar forms of relief against debtor John Ryan, the automatic stay should be enforced to disallow such prosecution in state court.

---

[1] The reason John Ryan's spouse, Danielle Ryan, was not named as a defendant is because she is not on title for this residential property. John Ryan owned this property before his marriage to Danielle.

Debtors' Conditional Opposition to Motion for Determination that
State Action is Not Subject to Automatic Stay - 2 -

**DETERMINATION OF THE ACCRUAL OF PRE-PETITION CLAIMS**

Beginning with the case of *In re Jensen*, 995 F.2d 925 (9th Cir. 1993), the courts in the Ninth Circuit have developed four separate tests to determine when a claim accrues for purposes of establishing whether that claim is pre-petition or post-petition. In applying these tests, the courts have consistently held that the question of when a claim arises under the bankruptcy code is governed by federal law, even when the claim is based on state law. [*Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 531-532 (9th Cir. 1998).]

These four tests include:

a. The "state law accrual" or "right to payment" test. [See, *In re Hassanally*, 208 B.R. 46, 51 (9th Cir. BAP 1996), holding that "right to payment" test is no longer viable in the Ninth Circuit.]

b. The "relationship" test. [See, *In re Hexcel Corporation,* 239 B.R. 564, 567-568 (D. N.D. Cal.1999), citing with approval *In re Piper*, 58 F.3d 1573. 1577 (11th Cir. 1995).]

c. The "time of the debtor's conduct" test. [*In re Hexcel, supra*, at 568.]

d. The "fair contemplation" test. [*In re Jensen*, 995 F.2d 925 (1993).]

Of these tests, the conduct test is the one that is most applicable to the present case. The "right to payment" has been rejected by the Ninth Circuit, the "relationship" test appears to be primarily relevant to products liability cases, and the "fair contemplation" test appears to be primarily relevant to claims based upon environmental damages.

Focusing on the conduct test, as Judge Jaroslavsky noted in the case of *In re Storek*, 355 B.R. 187 (Bankr. N.D. Cal. 2006), the central question is when did the conduct occur. If the conduct occurred prior to the bankruptcy, then the claim should be

treated as a pre-petition claim even if damages or injury are not discovered until many years later.

## THIS IS A PRE-PETITION CLAIM

It would appear that all four of these tests, if properly applied, would determine that the state court action initiated by the Smiths is a pre-petition claim. By their own admission, the conduct they complain of in the San Mateo Superior Court case occurred in 1995 or 1996, long before this Chapter 7 case was filed in 2005.

For example, on page 7 of their state court complaint, the Smiths allege that Ryan negligently designed and constructed Ryan's swimming pool so as to interfere with the sewage easement and the main sewer line. In paragraph 11 of their complaint, the Smiths allege that Ryan's design and construction work occurred in 1995 or 1996, long before the filing of this converted Chapter 7 bankruptcy case.

The only events that have occurred since then, according to the Smiths, have been various incidents of sewage blockage that occurred in 2007 and again in 2009. However, it appears to be undisputed that the sewage blockage incidents that occurred in 2007 and 2009, according to the Smiths, was the proximate result of Ryan's negligence committed in either 1995 or 1996 when he constructed his swimming pool.

## APPLICATION OF THE ACCRUAL TEST

Based upon these facts, which will be accepted solely for purposes of argument, the "state law accrual" or "right to payment" test does not apply because that test has been rejected by the Ninth Circuit. [*Jensen*, *supra*, at 929.]

The "relationship" test appears to be designed primarily for products liability

cases, which this case is not, and as a result their remains only two other tests, the "time of the debtor's conduct" test, and the "fair contemplation" test.

Focusing on the conduct test, as Judge Jaroslavsky determined in the case of *In re Storek*, 355 B.R. 187 (Bankr. N.D. CAL. 2006), the central question is, when did the conduct occur. If the conduct occurred prior to the bankruptcy filing, then the claim is treated as a pre-petition claim even if the damages are not discovered until many years later. Here, the alleged negligent conduct occurred prior to bankruptcy, therefore under the conduct test their claim is treated as a pre-petition claim even if, according to the Smiths, they did not discover their damages until many years later in 2007 and 2009.

Focusing on the fourth test, the "fair contemplation" test, which appears to be relevant to claims based upon environmental damages, the claim accrues "at the earliest point in the relationship between the debtor and the creditor." [*In re Jensen,* 127 B.R. 27, 33 (Bankr. 9th Cir. BAP 1991), cited with approval in *In re Jensen*, 995 F.2d 925, *supra*, at p.929.]

In applying this relationship test, the Ninth Circuit in *Jensen* noted, for example, that in the case of a debtor dentist's alleged negligence, the claim for bankruptcy discharge purposes arises at the point of the dentist's pre-petition act, even though the resulting damages are not detected until many years later.

Applying the relationship test to the present case, it seems clear that the Smiths allege the Ryan's negligence occurred in 1995 or 1996, some 10 years prior to the commencement of this bankruptcy case. Therefore, it is a pre-petition claim even though the alleged resulting damages were not discovered until 2007 and 2009 after the bankruptcy case was filed.

/

/

/

Debtors' Conditional Opposition to Motion for Determination that
State Action is Not Subject to Automatic Stay - 5 -

Case: 05-32933    Doc# 169    Filed: 11/13/09    Entered: 11/13/09 22:32:28    Page 5 of 7

## NON-DEBTOR ENTITIES

As noted at the outset of this opposition, there are other defendants in the Smith case besides the debtor, John Ryan. These include the County of San Mateo and the Emerald Lake Heights Sewer Maintenance District. Ryan's bankruptcy does not apply to them, therefore to the extent the Smiths wish to continue to litigate in state court against these non-debtor entities, they should be allowed to do so. No violation of the automatic stay would occur under those circumstances.

## IMPACT UPON MARKETING ON RYAN HOME

Another important issue in this motion is the impact of the Smith case on any attempt to market the Ryan home as part of the administration of this bankruptcy estate. Without some effective resolution of the Smith state court action, even if the automatic stay is enforced as to the debtors, the Smiths still have the right to pursue their claims against non-debtors, as indicated above, and in doing so they will put a cloud on the title to this property which will prevent any effort to sell it.

Therefore, serious consideration needs to be given by the trustee and her counsel and also by the real estate broker, Mark Benson, as to some type of measure to fix whatever sewer problem exists on this property so that the marketing program can proceed without any interference by sewage damage claims. How that is arranged is something that should be worked out by the trustee and her attorney and the real estate broker. John Ryan himself does not have the financial resources to fix this problem.

/
/
/
/

## CONCLUSION

As can be seen by applying the various tests that have been created by the Ninth Circuit to determine when a bankruptcy claim arises, no matter which test is applied the claim asserted by the Smiths against John Ryan is clearly pre-petition and therefore is embraced by the automatic stay of this bankruptcy case. This means the Smith case in state court needs to be enjoined from any further prosecution against John Ryan, or in the alternative the Smiths need to dismiss John Ryan and limit their claim to the non-debtor entities named as defendants in the Smith state court case.

Dated: November 13, 2009

s/s John G. Warner

_____

John G. Warner
Attorney for Debtors,
John A. Ryan and Danielle T. Ryan

Debtors' Conditional Opposition to Motion for Determination that
State Action is Not Subject to Automatic Stay  - 7 -

Case: 05-32933    Doc# 169    Filed: 11/13/09    Entered: 11/13/09 22:32:28    Page 7 of 7