John G. Warner
(Cal. State Bar No. 046123)
Attorney at Law
21 Tamal Vista Blvd., Suite 196
Corte Madera, CA 94925
Telephone: (415) 924-2640
Facsimile: (415) 927-0608
e-mail: warnerwest@aol.com

Attorney for Debtors,
John A. Ryan and Danielle L. Ryan

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| In Re, | ) | Converted Chapter 7 |
| | ) | Case No. 05-32933-DM |
| John A. Ryan and | ) | |
| Danielle T. Ryan, | ) | **DEBTORS' OPPOSITION TO** |
| | ) | **TRUSTEE'S MOTION TO SELL** |
| Debtors. | ) | **WILMINGTON ACRES COURT** |
| | ) | **PROPERTY FREE AND CLEAR** |
| | ) | **OF LIENS** |

Date: December 11, 2009
Time: 10:00 a.m.
Place: U.S. Bankruptcy Court
Court Room 22
Judge Dennis Montali
235 Pine Street
San Francisco, CA

[Text begins on next page]

Debtors' Opposition to Trustee's Motion to Sell Property
- 1 -

# INTRODUCTION

"Laws are like cobwebs, which may catch small flies, but let wasps and hornets break through." [Jonathan Swift, *A Critical Essay Upon the Faculties of the Mind*, 1707.]

It appears to be the fundamental purpose of this motion to determine, in this case at least, which persons are "flies," and which persons are "wasps or hornets."

## ATTEMPT TO SELL FREE AND CLEAR OF LIENS

The debtors do not dispute the sale price. Under present market conditions, there is no evidence indicating that the sale price proposed by the trustee in this motion is unreasonable.

The debtors also do not dispute that there are a large number of liens against this property which are undisputed, including, for example, the mortgage lien of World Savings Bank, the Chazen lien, the Judy lien, the Cavallini lien, and the lien of Jean L. Ryan's estate.

What is disputed in this motion is the trustee's attempt to sell this property free and clear of liens without the consent of all of the lienholders.

## NO LIENSTRIPPING UNDER § 506(d)

It is black letter law that there can be no lienstripping under § 506(d) in a Chapter 7 case. [*Dewsnup vs. Timm*, 502 U.S. 410, 412, 417, 112 S.Ct. 733, 776, 778.]

The present case is a chapter 7 case, therefore, no lienstripping is allowed under § 506(d).

**NO LIEN STRIPPING UNDER § 363(f)**

Just as there is no lien stripping allowed under § 506(d), there is also no lienstripping allowed under § 363(f) that permits the bankruptcy court, under certain specified conditions, to sell encumbered property of the bankruptcy estate.

In the present case, in view of the fact that some of the lienholders object to this proposed sale, the trustee has focused her motion on two of the free and clear exceptions in § 363(f), namely, subparts 4 and 5. Subpart 4 in effect states that a lien that is in bona fide dispute can be ignored for purposes of a sale free and clear, and subpart 5 states that a lien can be ignored if, "in a legal or equitable proceeding," it can be compelled to accept a "money satisfaction" of the lien

**WHO GETS THE MONEY?**

To understand this motion properly, one needs to identify who gets the money. Based upon the paperwork submitted by the trustee in support of this motion, the persons or entities who will receive money include the real estate broker (Benson), the mortgage lender (World Savings), the Ciolino Group, and the bankruptcy estate in the form of carveout. No other lienholders will receive any money, but with one exception.

The debtors have a homestead exemption, and that homestead exemption would prevail over the Ciolino lien. Therefore, the debtors' $75,000 homestead exemption would have to be paid first, before any money is paid to the Ciolino Group or to the bankruptcy estate. [Note: Chazen may dispute this homestead exemption claim, but Chazen's objection to the homestead exemption claim need not be decided at the present time.]

Debtors' Opposition to Trustee's Motion to Sell Property
- 3 -

## CONSENTING LIENHOLDERS

The only lienholders who have consented, apparently, to this free and clear sale are William Stewart and the Judys. Chazen has not consented, the Cavallinis have not consented, and the Jean L. Ryan estate has not consented.

Without the consent of these junior lienholders, this proposed sale fails.

## NO BONA FIDE DISPUTE

The trustee jumps in at this point in the argument and says that she can sell free and clear because the non-consenting liens are subject to a "bona fide" dispute. The trustee is mistaken. There is no bona fide dispute with respect to the non-consenting junior lienholders.

For instance, as shown in Exhibit A attached to John A. Ryan's declaration in opposition to this motion, this court previously determined that at least $160,000 of Chazen's claim is valid and enforceable.

Likewise, the claims of the Cavallinis and the Jean L. Ryan estate are also based upon undisputed facts. For instance, attached to John A. Ryan's declaration as Exhibits C and D are itemizations of the money that the Cavallinis and Jean L. Ryan advanced to John A. Ryan on various occasions during Ryan's battle with the Ciolino group in state court. These bona fide advances of money to Ryan compose the $750,000 note and deed of trust that Ryan executed in January 2004 as evidenced by Exhibit B.

Furthermore, there is pending in this bankruptcy case an adversary proceeding, Adv. Pro. No. 05-03428, attacking those liens but to date there has been no adjudication, and there has been no evidence presented in this motion to establish why the trustee should not first litigate the validity of those liens before she tees up a motion to sell free and clear.

Debtors' Opposition to Trustee's Motion to Sell Property
- 4 -

For example, the only statement the trustee has made concerning this bona fide dispute argument is found on page 8 of her points and authorities, in which she simply argues that certain portions of the Chazen lien may still be in dispute. The trustee provides absolutely no explanation as to why the other junior liens are disputed.

### THE *IN RE JOLAN* CASE

As a last gasp attempt to save this motion, the trustee cites to the State of Washington bankruptcy case of *In re Jolan*, 403 B.R. 866 (Bkrpty. W.D. Wash. 2009). In that case, the bankruptcy court, in dealing with the sale of personal property located on the premises of a bar and restaurant, concluded that a bankruptcy trustee could sell free and clear if the same type of sale could take place under state court law, distinguishing the holding of the Ninth Circuit BAP in the case of *Clear Channel Outdoor, Inc. vs. Knupfer,* 391 B.R. 25, 30-41 (9th Cir. BAP 2008).

The debtors urge the court to disregard the holding in *Jolan*, for the following reasons.

First, it is in direct conflict with the *Clear Channel* case, and the trustee has not explained why or how this court can disregard the binding precedent of the Ninth Circuit BAP holding in *Clear Channel*.

Second, the California foreclosure laws cited by the trustee in this motion do not apply because the Trustee is not exercising any powers under a deed of trust.

Third, the exception provided by § 363(f)(5) requires the payment of a "money satisfaction" to the non-consenting lienholders. Here, no money is being paid.

Fourth, and perhaps mostly significantly, if the argument of the trustee is adopted, then the exception set forth in § 363(f)(5) swallows the rule, so to speak, and no trustee attempting to sell encumbered property of the bankruptcy estate would bother looking

at the exceptions in § 363(f)(1) through(4). The trustee would simply go right to § 363(f)(5) and sell the encumbered property over the objections of lienholders, regardless of any consent, dispute or payment of money. Such a radical sale free and clear procedure has never been adopted in bankruptcy practice.

## CONCLUSION

Without the consent of all of the lienholders, this court has no authority to grant this motion. The only feasible alternative is abandonment, which would allow these same lienholders to seek whatever remedies they may have, which under the circumstances would be a fair resolution of this dispute.

The motion should be denied.

Dated: November 25, 2009         /s/   John G. Warner
                                 John G. Warner
                                 Attorney for Debtors
                                 John A. Ryan and Danielle L. Ryan

Debtors' Opposition to Trustee's Motion to Sell Property
- 6 -