275 Battery Street, 23rd Floor, San Francisco, CA 94111 ▪ p415 986-2800 ▪ f415 986-2827



Thomas F. Koegel
(415) 365-7858
tkoegel@crowell.com

RECEIVED
DEC 1 0 2009
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

December 10, 2009

**VIA E-MAIL AND HAND DELIVERY**

12-11-09 @ 10:00

Honorable Dennis Montali
United States Bankruptcy Court
235 Pine Street, 19th Floor
San Francisco, CA 94104

Re: *In re Ryan,* Case No. 05-32933 in the United States Bankruptcy Court for the Northern District of California

Dear Judge Montali:

I am compelled to write the Court in advance of Friday's hearing regarding further interference of the Debtor in the sale of the property. While the Debtor's actions are frustrating to all concerned, and contrary to his own best interests, they need not unduly delay the disposition of this property.

I received the enclosed fax from the County of San Mateo shortly after 5 p.m. yesterday. I presume it is legitimate. From the fax, it appears that Mr. Ryan has turned himself and his property in—convincing the County that there are some kind of construction defects on the property. While the County has been bamboozled into issuing a "stop work order", to the Trustee's knowledge there has been no work on the property since before the fraud suit was filed by the Ciolino judgment creditors against Mr. Ryan in 2002. (The allegations of that suit were that some of the Ciolino group were working for Mr. Ryan when he convinced them to invest in the Paramount Financial Ponzi scheme.)

The Court will recall that it was previously compelled to issue an order constraining Mr. Ryan from interfering with the sale process. He appears to have found a new way to interfere.

The Trustee will of course inform the prospective buyers of the County's notice. The Trustee's compliance with her ethical duty, of course, might run the

risk of achieving the improper end of Mr. Ryan's actions—the delay or even interruption of the sale. There is a simple, practical way around this dilemma.

1. The Court should approve the sale free and clear, subject to the Trustee conducting an auction (if more than one buyer wishes to bid) outside the courtroom at a date to be chosen by the Trustee and her real estate professional no later than January 31, 2010.

2. Prospective buyers will be disclosed to the Court, the U.S. Trustee and interested parties under a confidentiality agreement (not including the Debtors) to ensure that there are no improper connections. The Trustee will be authorized to accept any price above a minimum to be fixed by the Court. The minimum number may be fixed after in camera discussion with the court and will be filed under seal so as not to impair the market.

3. As requested in the motion, the Debtors should be ordered to vacate the premises by December 18. The order should establish a complete surcharge of their exemption should they fail to comply in a timely fashion.

4. As previously ordered by the Court, the exemption proceeds will be held in trust by the Trustee. If the Debtors comply with the order, any dispute on the proceeds will be between Secured Creditor Chazen and the Debtors. If surcharge is ordered, the dispute will be between the bankruptcy estate and Chazen.

Trustee's counsel is providing email notice of this development to counsel for the Ciolino judgment lien creditors; to counsel for Mr. Chazen, who has an interest in the homestead proceeds; to Mr. Warner as counsel for the debtor; to Ms. Johnson, who purportedly represents the Estate of Jean Ryan (although no substitution has been filed). No other party has responded to the motion. This only to be expected. The anticipated sale price is $1.4MM. As set out in the moving papers, the first plus the Ciolino judgment liens will (on Friday) amount to $1,446,093.86. The face amount of the 2002 Chazen lien is $964,000, without any consideration of purported rights of interest in the underlying note.

The Trustee and her counsel look forward to addressing the Court on Friday toward achieving an end to these obstructions of the process—and to the case.

Very truly yours,

Thomas F. Koegel

Crowell & Moring LLP
275 Battery Street, 23rd Floor
San Francisco, CA 94111
415.986.2800

TFK:tk
Enclosure
cc: John Warner, Esq. (counsel for Debtors)
    Rita Johnson, Esq. (counsel for Probate Estate of Debtor's Mother)
    Iain Macdonald, Esq. (counsel for secured creditor Chazen)
    Michael Liberty, Esq. (counsel for judgment lien creditors)
    E. Lynn Schoenmann (Chapter 7 Trustee)



Planning & Building Department
# County of San Mateo
Mail Drop PLN122 • 455 County Center • 2nd Floor • Redwood City
California 94063 • www.co.sanmateo.ca.us/planning • plngbldg@co.sanmateo.ca.us

**Board of Supervisors**
Mark Church
Richard S. Gordon
Jerry Hill
Rose Jacobs Gibson
Adrienne J. Tissier

Lisa Grote
Director
650/363-4161
Fax 650/363-4849

## *Facsimile Transmittal Sheet*

Date sent: **12/9/9**

To be delivered to: **Thomas Koegel**

Facsimile number: **415-936-2827**

Sent by: **Kenney**

Number of pages to follow Cover Sheet: **3**

Message or Special Instructions: _____

---

Our facsimile number is (650) 363-4849.
Please call (650) 363-4161 immediately if there is any problem with this transmission.
Thank you.

Case: 05-32933 Doc# 181 Filed: 12/10/09 Entered: 12/11/09 08:39:09 Page 4 of 7

# County of San Mateo
## Building Inspection Section

455 County Center, 2nd Floor • Redwood City
California 94063 • 650•599•7311

Name: Thomas Koegel

Permit No.: _____ Address: 8 Wilmington

Date: 12/9/3 Inspector: Kenny

SWN 2009-00148

# STOP WORK NOTICE

## SAN MATEO COUNTY BUILDING CODE ORDINANCE

Construction Code—Latest Edition

**Sec. 9025 Permits Required.** No person, firm or corporation shall erect, construct, enlarge, alter, repair, move, improve, remove, convert, or demolish any building or structure in the County, or cause the same to be done, without first obtaining a separate building permit for each such building or structure from the Building Official.

**Sec. 9027** With each application for a building permit, three sets of plans and specifications shall be submitted

Please contact the Building Inspection Division between 8:00 a.m. and 4:00 p.m. so that a permit may be issued for the continuance of construction. If you fail to comply within ten days to the above, this notice shall be referred to the County Counsel's office for legal action.

**PLEASE BRING THIS NOTICE WITH YOU.**

REMARKS: Construction storage in garage, wet bar no vent + electric, lights family no access junction boxes, move sprinklers remodel low bath, liv room movs fire sprinklers remodel ceiling + window changes all windows - they leak movs attic access - furnaces movs sprinkler master bed.



# San Mateo County

**Planning and Building Department** ▪ 455 County Center ▪ Redwood City
California 94063 ▪ Planning: 650/363-4161 ▪ Building: 650/599-7311 ▪ Fax: 650/363-4849

12/9/2009

JOHN RYAN
712 MATSONIA
FOSTER CITY, CA 94404

**SUBJECT: BUILDING WITHOUT A PERMIT OR UNAUTHORIZED OCCUPANCY OR NON-CONFORMING USE**

| | | | |
|---|---|---|---|
| Case #: | SWN2009-00148 | Posting Date: | 12/9/2009 |
| APN #: | 068221590 | Mailing Date: | 12/9/2009 |
| Job Site: | 8 WILMINGTON ACRES | | |

Description of Violation:

CONSTRUCTION OF STORAGE ROOM IN GARAGE, INCLUDES ELECTRICAL. THIS REDUCES THE REQUIRED PARKING. WET BAR REMODEL, NO PLUMBING VENT FOR DWV. FIRE SPRINKLERS MOVED SEVERAL LOCATIONS. REMODEL OF LOW HALL BATH, INCLUDES MOVING WALL. CHANGE ALL WINDOWS, INCLUDES FRAMING. OCCUPANT STATED SOME WINDOWS LEAK. MOVE ATTIC ACCESS TO FURNACE, ACCESS MAY BE SUBSTANDARD. ELECTRICAL WORK IN MASTER BEDROOM, DINING ROOM, LIVING ROOM, WET BAR, INCLUDES LIGHTS. OCCUPANT STATED THERE WERE CONCEALED JUNCTION BOXES. CEILING FRAMING CHANGED A LEAST 2 ROOMS. SEE DOCUMENT IN FILE SUBMITTED TO COUNTY FOR ENTIRE SCOPE OF WORK.

There is no County record of a valid building permit or authorized occupancy or approval for non-conforming use for the subject property address. The non-permited action(s) is a violation of the County Ordinance.

County Code Sections violated:

SECTION 9025 & 9027

It is required that you take action to abate the violation(s) by one of the following to avoid recordation of the violation(s) against your property:

1. Make application for the required permit(s) upon notification and obtain approval of permit(s) within ten (10) days of notification.

2. Obtain a demolition permit and abate (remove from the site) the violation(s) within 120 days of permit issuance and request final inspection.

Within 10 days of the date of this letter you may contact DAVE KENNEY to present evidence that a violation does not exist. If you wish to request a meeting, please contact this office at (650) 599-7311 between 8:00 a.m. and 5:00 p.m. Monday through Friday.

Sincerely,

Building Inspector
DAVE KENNEY

fswnnoprm

**TEXT OF STOP WORK NOTICE SWN2009-00148**

**BASED ON A COMPLAINT. CONSTRUCTION OF STORAGE ROOM IN GARAGE, INCLUDES ELECTRICAL. THIS REDUCES THE REQUIRED PARKING. WET BAR REMODEL, NO PLUMBING VENT FOR DWV. FIRE SPRINKLERS MOVED SEVERAL LOCATIONS. REMODEL OF LOW HALL BATH, INCLUDES MOVING WALL. CHANGE ALL WINDOWS, INCLUDES FRAMING. OCCUPANT STATED SOME WINDOWS LEAK. MOVE ATTIC ACCESS TO FURNACE, ACCESS MAY BE SUBSTANDARD. ELECTRICAL WORK IN MASTER BEDROOM, DINING ROOM, LIVING ROOM, WET BAR, INCLUDES LIGHTS. OCCUPANT STATED THERE WERE CONCEALED JUNCTION BOXES. CEILING FRAMING CHANGED A LEAST 2 ROOMS. SEE DOCUMENT IN FILE SUBMITTED TO COUNTY FOR ENTIRE SCOPE OF WORK.**